# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1305010063** |
| | ) | |
| **LIAM M. SCHOFIELD,** | ) | |
| **Defendant** | ) | |

Submitted: July 31, 2014
Decided: August 20, 2014

John Taylor, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Dean C. DelCollo, Esquire
Assistant Public Defender
900 North King Street, 2nd Floor
Wilmington, DE 19801
*Attorney for Defendant*

## LETTER OPINION AND ORDER ON
## MOTION FOR JUDGMENT OF ACQUITTAL

This is a Motion for Judgment of Acquittal pursuant to the State's case against Defendant Liam M. Schofield ("Schofield"). Schofield timely noticed this Motion on May 23, 2014. This is the Court's opinion and order on the Motion.

## FACTS AND PROCEDURAL HISTORY

Schofield was arrested on May 13, 2013, and charged with two counts of criminal mischief under $1,000. A jury trial was held on May 15, 2014. At the trial, the State called four witnesses: Tamora Jones, Mattie Tyson, Corporal John Truluck, and Officer Patrick Malloy. At the close of the State's case, Schofield moved for Judgment of Acquittal, which was denied. The trial ended with a hung jury, and Schofield filed the present Motion. This Court granted the Motion as to Count I, but reserved judgment as to Count II.

From the testimony heard at trial, it is alleged that the following occurred; because this Motion only concerns Count II, the only included information is what the jury heard pertaining to that specific offense. On May 13, 2013, Tamora Jones ("Jones") discovered that the side window of her vehicle had been destroyed, while the front window was damaged; upon inspection, she discovered a silver BB on the seat.[1] Her vehicle was parked across the street, with the destroyed side window facing her house. Jones lived next door to Schofield, and described their relationship as "up and down." Jones further testified that she had seen Schofield "three or four times" with a BB gun. Following this discovery, Jones called the police. Subsequently, Corporal John Truluck ("Truluck") obtained a search warrant against Schofield. Upon searching Schofield's house, Truluck discovered a pack of BBs hidden in a container of dog food; Truluck testified that the BBs matched the BB found in Jones' vehicle.

## PARTIES' CONTENTIONS

Schofield contends that the State has failed to prove every element of the offense, and that, in particular, the State has produced insufficient evidence to make a *prima facie* case that Schofield was in any way involved with the damaged to Jones' vehicle.

The State responds that they have shown motive via the poor relationship between Schofield and Jones, ability via the testimony that Schofield had been seen with a BB gun, and connection via the presence of matching BBs in the vehicle and the house. The State further contends that the fact the BBs were hidden creates a reasonable inference of guilt, which a rational jury could conclude as indicative of Schofield's involvement in the incident.

---

[1] Jones alternately described it as a "pellet" and a "small silver ball."

## THE LAW

*Court of Common Pleas Civil Rule* 29(a) requires the Court to enter a Judgment of Acquittal when the State has failed to prove each element of the charged offense beyond a reasonable doubt. In considering the Motion, the Court must consider all evidence – and all legitimate inferences deriving from the evidence – in the light most favorable to the State.[2] Upon weighing the evidence, the Court must determine whether any rational trier of fact could conclude that the defendant is guilty beyond a reasonable doubt.[3]

To prove a charge of criminal mischief, the State must prove that the defendant intentionally or recklessly damaged the tangible property of another.[4]

## DISCUSSION

In trying this case, the State has had to contend with numerous evidentiary issues, many of which resulted in evidence not going to the jury. However, utilizing only that which the jury heard, and looking at that evidence in the light most favorable to the State, it is clear that a rational jury could find Schofield guilty of criminal mischief.

The *mens rea* for this offense is intentional or reckless. According to the evidence presented at trial, Jones' vehicle suffered damage on two different windows – the side window, facing Jones' and Schofield's side of the street, and the front window. While it is not impossible for a jury to conclude that this could be the result of an accident involving a BB gun, it is certainly within the capacity of a rational juror to find that the damage done to the vehicle was at least inflicted with reckless disregard. Accordingly, the first element of the offense is capable of being proven beyond a reasonable doubt.

---

[2] *Wright v. State*, 86 A.3d 1120 (Del. 2014).
[3] *Id.*
[4] 11 *Del. C.* § 811(a).

3

The second element, that Schofield was the individual responsible for causing the damage, is likewise susceptible to the findings of a rational juror. While the motive is admittedly hazy, the State does not need to prove that Schofield bore any particular animosity toward Jones. Instead, the State only needs to prove that Schofield did in fact cause the damage in question. To do this, the State linked Schofield to the crime by way of the BBs. The BB found in the vehicle matched the BBs found inside Schofield's home, while Schofield had previously been seen in the area on multiple occasions with a BB gun. Additionally, the evidence presented showed that the BBs were hidden. This Court is allowed to consider all reasonable inferences made from the evidence, and I find that a reasonable juror could infer awareness of guilt from the fact of the BBs being hidden. It is entirely reasonable that a juror could reach this conclusion and find that Schofield did in fact cause the damage to Jones' vehicle, and thus the second element of the offense is capable of being proven beyond a reasonable doubt.

## CONCLUSION

For the forgoing reasons, I find that it is well within the abilities of a rational juror to conclude that the State has proven each element of the offense for Count II beyond a reasonable doubt. Accordingly, Defendant Schofield's Motion for Judgment of Acquittal is **DENIED**.

**IT IS SO ORDERED THIS 20 DAY OF AUGUST 2014.**

The Honorable Carl C. Danberg,
Judge

4